_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:25-cv-00276-FWS-ADS | Date: March 26, 2025 |
| Title: Aniano Perez Hernandez Sr. v. Nissan North America, Inc. | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Priscilla Deason for Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [9]**

In this case, Plaintiff Aniano Perez Hernandez, Sr. ("Plaintiff") asserts that Defendant Nissan North America, Inc. ("Defendant") violated California's Song-Beverly Act. (*See generally* Dkt. 1-1 ("Complaint" or "Compl.").) Before the court is Plaintiff's Motion to Remand. (Dkt. 9 ("Motion" or "Mot.").) Defendant opposes the Motion. (Dkt. 12 ("Opposition" or "Opp.").) Plaintiff filed a reply in support of the Motion. (Dkt. 13 ("Reply").) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for April 10, 2025, is **VACATED** and off calendar. Based on the state of the record, as applied to the applicable law, the Motion is **GRANTED.**

**I.   Background**

Plaintiff alleges that he "purchased a 2023 Nissan Titan" that, "as reflected in the sales contract, has an approximate value of $97,955.24." (Compl. ¶ 8.) The car "was delivered to Plaintiff with serious defects and nonconformities to warranty . . . including . . . electrical, transmission, and engine system defects." (*Id.* ¶ 10.) On Plaintiff's claims for violation of the Song-Beverly Act, Plaintiff seeks "general, special, and actual damages," "rescission of the

_____

_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:25-cv-00276-FWS-ADS | Date: March 26, 2025 |
| Title: Aniano Perez Hernandez Sr. v. Nissan North America, Inc. | |

purchase contract and restitution of all monies expended," "diminution in value," "incidental and consequential damages," a civil penalty of two times actual damages, and attorney fees. (*Id.* at 9.)

Plaintiff served Defendant with the Complaint on November 18, 2024. (Dkt. 9-4 (Proof of Service).) Eighty-six days later, on February 12, 2025, Defendant removed the case to this court. (Dkt. 1 ("Notice of Removal" or "NOR").) Defendant acknowledged the usual thirty-day period for removal, but argued that removal was timely because the Complaint did not give sufficient notice that the complete diversity and amount-in-controversy requirements for diversity jurisdiction were met, and that Defendant only learned those requirements were met after conducting its own investigation. (*Id.* at 2, 3-4.) In the Motion, Plaintiff argues the face of the Complaint provided sufficient information to reflect that the case was removable and therefore Defendant's removal is untimely. (*See generally* Mot.)

## II.     Legal Standard

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005).

Diversity jurisdiction requires complete diversity between the parties and that the amount in controversy exceeds $75,000. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."); *Lee v. Am. Nat. Ins. Co.*, 260 F.3d

_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-00276-FWS-ADS                                     Date: March 26, 2025
Title: Aniano Perez Hernandez Sr. v. Nissan North America, Inc.

997, 1004 (9th Cir. 2001) ("The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant."). If a party is a corporation, the complaint must allege both its state(s) of incorporation and principal place of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). If a party is a natural person, the complaint must allege their state of domicile, which is their permanent home, where they reside with the intention to remain or to which they intend to return. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

### III. Discussion

The deadline for a defendant to remove a case from state to federal court is generally thirty days after receipt of the initial pleading. *See* 28 U.S.C. § 1446(b)(1)-(b)(2)(A). But "if the case stated by the initial pleading is not removable," a defendant may remove the case thirty "days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). A "bright-line approach" based on an "objective analysis of the pleadings" governs removability. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 697 (9th Cir. 2005). Removability is therefore "determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.* at 694. Only when removability is "unequivocally clear and certain" does the Section 1446(b)(3) thirty-day countdown commence. *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021).

_____

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-00276-FWS-ADS | Date: March 26, 2025 |
| Title: Aniano Perez Hernandez Sr. v. Nissan North America, Inc. | |

In this case, the court finds Plaintiff's Complaint made "unequivocally clear and certain" that more than $75,000 is at issue in this case. *See id.* Specifically, Plaintiff alleges that he purchased an allegedly defective "2023 Nissan Titan" which "as reflected in the sales contract, has an approximate value of $97,955.24." (Compl. ¶ 8.) Plaintiff seeks "general, special, and actual damages," "rescission of the purchase contract and restitution of all monies expended," "diminution in value," "incidental and consequential damages," a civil penalty of two times actual damages, and attorney fees. (*Id.* at 9.) Based on the record, the court finds the Complaint's allegations clearly demonstrate that this case was removeable. *See, e.g.*, *Pulcini v. Ford Motor Co.*, 2024 WL 4836469, at *3 (C.D. Cal. Nov. 19, 2024) ("The approximate value of the Subject Vehicle—$59,632.59—plus double that amount in civil penalties—a total of $136,596.72—easily exceeds the $75,000 threshold before adding incidental damages, costs, and attorneys' fees. The Complaint thus made it unequivocally clear and certain that the amount in controversy exceeded $75,000 in this action.") (internal quotation and citation omitted); *Estrada v. Nissan North America, Inc.*, 2025 WL 842173, at *2 (N.D. Cal. Mar. 18, 2025) (finding "the amount in controversy based on the allegations in the Complaint, without even considering Plaintiff's attorney's fees, well exceeds the threshold amount of $75,000" where the plaintiff alleged "that the vehicle, 'as reflected in the sales contract, has an approximate value of $53,566.00,'" and sought civil penalties of up to two times the amount of actual damages).

Defendant argues it was not clear from the Complaint that more than $75,000 was at issue because the applicable mileage offset was "indeterminable." (Opp. at 11.) However, the court is not persuaded that any lack of clarity regarding the exact amount of the mileage offset indicates that denial of the Motion is appropriate. First, some courts "decline[] to consider 'mileage offsets' in measuring the amount-in-controversy in Song-Beverly actions." *Vasquez v. Nissan North America, Inc.*, 2024 WL 4452776, at *4 n.4 (C.D. Cal. Mar. 7, 2024) (collecting cases). Even if the court were to consider the mileage offset, doing so would not change the court's conclusion that remand is warranted here. "Based on Plaintiff's allegation that he first presented his vehicle for repairs when it had [6,235] miles on the odometer, the maximum mileage offset would be [$5,089.59] under the formula set forth in California Civil Code

___

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-00276-FWS-ADS | Date: March 26, 2025 |
| Title: Aniano Perez Hernandez Sr. v. Nissan North America, Inc. | |

§ 1793.2(d)(2)(C)." *Estrada,* 2025 WL 842173, at *2; (Compl. ¶ 11). Thus, Plaintiff's alleged damages, even considering the maximum mileage offset, would still exceed the threshold amount of $75,000. *Cf. Vasquez*, 2024 WL 4452776, at *4 n.4 ("[E]ven assuming the Court were to take into consideration a 'mileage offset' in figuring the amount at issue, Defendant explained in its Notice of Removal that this would have virtually no effect on the amount at issue here.").

Defendant also contends removal was timely because diversity of citizenship was not clear until Defendant performed an investigation confirming that Plaintiff's alleged California residence (Compl. ¶ 2) was also Plaintiff's citizenship. (Opp. at 13.) The court is not persuaded. Indeed, "courts in the Central District . . . have found that diversity jurisdiction exists based on allegations of residency," "consistent with the rule that, for purposes of removal based on diversity of citizenship, a plaintiff's state of residence is presumptively considered to be their state of citizenship." *Pulcini*, 2024 WL 4836469, at *3; *see also Estrada*, 2025 WL 842173 at *3 ("Nissan argues that the allegation in the complaint is insufficient to show that Plaintiff is a resident of California and instead, for removal purposes, Nissan was required to obtain evidence that Plaintiff is a resident of California. But courts have held that allegations in a complaint of residence are sufficient to support removal.") (collecting cases); *see also Gruber v. General Motors LLC*, 2023 WL 6457136, at *2 (C.D. Cal. Oct. 3, 2023) (finding diversity of citizenship was adequately demonstrated for removal purposes where the complaint alleged the plaintiff was "an individual residing in California").

In summary, the court concludes "Plaintiff's Complaint contains all of the alleged facts necessary to determine the amount in controversy" and diversity of citizenship, and that "Nissan does not credibly demonstrate that Plaintiff's allegations fail to unequivocally make the grounds for removal clear and certain." *Estrada,* 2025 WL 842173, at *2; *Dietrich*, 14 F.4th at 1091. Defendant was therefore required to remove within 30 days of being served with the Complaint. Because Defendant removed more than 30 days after service, the removal was untimely and remand is appropriate.

**IV.  Disposition**

___

_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00276-FWS-ADS                                                                  Date: March 26, 2025

Title: Aniano Perez Hernandez Sr. v. Nissan North America, Inc.

_____

    For the reasons stated above, the Motion is **GRANTED.**  This case is **REMANDED** to Orange County Superior Court as case number 30-2024-01438619-CU-BC-WJC.

_____